10-1015-ag
Huang v. Holder

BIA
Holmes-Simmons, IJ
A095 841 435

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of June, two thousand eleven.

PRESENT:
      ROBERT A. KATZMANN,
      RICHARD C. WESLEY,
      DENNY CHIN,
        *Circuit Judges.*

_____

GUANGZU HUANG,
      *Petitioner,*

      v.                   10-1015-ag
                          NAC

UNITED STATES DEPARTMENT OF JUSTICE,
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondents.*

_____

FOR PETITIONER:      David A. Bredin, New York, N.Y.

FOR RESPONDENTS:      Tony West, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Brendan P. Hogan, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part and DENIED in part.

Guangzu Huang, a native and citizen of the People's Republic of China, seeks review of a February 26, 2010, order of the BIA, affirming the July 8, 2008 decision of Immigration Judge ("IJ") Theresa Holmes-Simmons, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[*] *In re Guangzu Huang*, No. A095 841 435 (B.I.A. Feb. 26, 2010), *aff'g* No. A095 841 435 (Immig. Ct. N.Y. City July 8, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

---

[*] The IJ's decision is incorrectly dated March 3, 2004.

## I. Asylum

In pretermitting Huang's asylum application, the agency found that Huang failed to present clear and convincing evidence that the application was filed within one year of his arrival in the United States. *See* 8 U.S.C. § 1158(a)(2)(B). Huang's challenges to the agency's finding "essentially dispute[] the correctness of [the] IJ's fact-finding or the wisdom of his exercise of discretion and raise[] neither a constitutional claim nor a question of law." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Therefore, we lack jurisdiction to review Huang's arguments with respect to asylum, and dismiss his petition for review in part. *See id.; see also* 8 U.S.C. § 1158(a)(3).

## II. Withholding of Removal

Huang argues that the BIA erred in reversing the IJ's grant of withholding of removal based on *Shi Liang Lin v. United States Department of Justice*, 494 F.3d 296, 308 (2d Cir. 2007), in which we held that the forced abortion of an applicant's spouse did not constitute *per se* persecution of the applicant. In *Shi Liang Lin*, we explained that "our holding today should not be read to presage the reopening of

cases of aliens who have already been granted asylum based on" the forced abortion of a spouse. *Id.* at 314. Huang asserts that the BIA erred in dismissing his withholding of removal claim because the IJ initially found that he suffered past persecution on the basis of his wife's forced abortions. Here, however, the BIA did not reopen Huang's removal proceedings to apply the holding of *Shi Liang Lin* retroactively. Rather, because Huang's removal proceedings were ongoing due to his appeal of the IJ's 2006 decision, the BIA did not err in applying *Shi Liang Lin* to hold that the forced abortions of Huang's wife did not constitute past persecution of Huang. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (BIA has the authority on appeal to review questions of law *de novo*); *cf. NLRB v. Coca-Cola Bottling Co.*, 55 F.3d 74, 78 (2d Cir. 1995) ("Appellate courts ordinarily apply the law in effect at the time of the appellate decision.").

Because an applicant's spouse's forced abortion is not *per se* persecution of the applicant, Huang was required to show that he was persecuted on account of his "other resistance" to a coercive family planning policy. *Shi Liang Lin*, 494 F.3d at 308-10; 8 U.S.C. § 1101(a)(42). Huang argues that he established his eligibility for withholding

4

of removal based on the persecution he personally suffered, and fears upon his return, on account of his "other resistance" to the family planning policy. However, the only harm Huang claimed to have suffered was that family planning officials pushed him against a wall causing him "mild pain." Accordingly, the agency reasonably found that Huang failed to establish that he suffered past persecution on account of his other resistance to the family planning policy. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011)(per curiam). Similarly, because Huang did not provide any alternative basis for his fear of future persecution, the IJ did not err in finding that he failed to demonstrate that it was more likely than not that he would suffer persecution, particularly in light of his testimony that the officials never came back to look for him and no warrant was issued for his arrest. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (holding that withholding of removal claims require "objective evidence of future persecution"). Accordingly, the agency did not err in denying Huang withholding of removal.

5

## III.    CAT Relief

Contrary to Huang's argument that the agency failed to analyze his CAT claim separately, to the extent his application for CAT protection was predicated on the same facts as his withholding claim, the agency reasonably denied Huang CAT relief on the same grounds it denied his withholding claim.  *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).  Although Huang now argues that he fears torture based on his illegal departure from China, he did not raise this claim before the BIA, nor does he point to any evidence in the record in support of his fear of torture based on his illegal departure.  *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (holding that the BIA did not err in denying a petitioner's CAT claim based on her illegal departure because she offered no "particularized evidence").  Huang's assertion on appeal that he fears torture due to the "assistance and connection that he had with political student groups" is not supported in any way by the record. Finally, although Huang challenges the veracity of a 1998 State Department Country Conditions Report included in the record, because, as the Government argues, he failed to exhaust these arguments before the BIA, we decline to

address them in the first instance.  *See Lin Zhong v. U.S.*

*Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7